HAWAII STATE FEDERAL CREDIT UNION, fka Hawaii State Employees Federal Credit Union, Claimant,

and

United States of America, Plaintiff-counter-defendant—Appellee,

v.

Michael L. KAILING, Trustee/Agent of Executive Trust, Trustee of Ruth Realty Trust; et al., Defendants,

and

Melville K. Turner and Letitia Y. Turner, Defendants-counter-claimants—Appellants.

No. 02–16115.

D.C. No. CV–99–00817–SOM/KSC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 21, 2004.

Before PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM**

Melville and Letitia Turner appeal pro se the district court's deficiency judgment for the United States in an action brought by the United States to reduce the Turners' income tax assessments to judgment, to set aside a transfer of certain real property, and to foreclose federal tax liens against the real property in satisfaction of the tax debt. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the existence of subject matter jurisdiction, *United States v. Peninsula Communications, Inc.*, 287 F.3d 832, 836 (9th Cir. 2002), and review for abuse of discretion the denial of a motion for reconsideration, *Kona Enters., Inc., v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). We affirm.

The district court did not err when, interpreting the Turners' motion to vacate as a motion to dismiss for lack of subject matter jurisdiction, it denied the motion. *See* 26 U.S.C. § 7402 (district courts at the instance of the United States have jurisdiction to issue orders and make judgments for the enforcement of the internal revenue laws); 28 U.S.C. § 1340 (district courts have jurisdiction over internal revenue matters); *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir.1977) (district courts have "clearly prescribed jurisdiction" in a suit initiated by the United States under 28 U.S.C. § 1340 and 26 U.S.C. § 7402).

The district court did not abuse its discretion when, interpreting the Turners' motion to vacate as a motion for reconsideration, it denied the motion as untimely. *See* Fed.R.Civ.P. 59(e) (requiring that motion to amend or alter judgment shall be filed no later than 10 days after entry of judgment).

The Turners' many contentions regarding the district court proceedings, including those suggesting that the district court acted unlawfully and acceded to a fraud on the court, are unpersuasive.

**AFFIRMED.**

---

* Because the panel unanimously finds this case suitable for decision without oral argument, appellants' request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.